# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| STRIKE 3 HOLDINGS, LLC<br><br>v. | §<br>§<br>§<br>§ | |
|---|---|---|
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 70.121.19.190 | §<br>§<br>§ | CIVIL NO. 4:22-CV-565-ALM<br>**LEAD CASE** |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 70.119.84.107 | §<br>§<br>§ | CIVIL NO. 4:22-CV-645-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.185.150.56 | §<br>§<br>§ | CIVIL NO. 4:22-CV-882-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.186.67.45 | §<br>§<br>§ | CIVIL NO. 4:22-CV-884-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 172.124.179.96 | §<br>§<br>§ | CIVIL NO. 4:22-CV-885-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.234.195.202 | §<br>§<br>§ | CIVIL NO. 4:22-CV-889-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 72.180.7.87 | §<br>§<br>§ | CIVIL NO. 4:22-CV-890-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 107.138.115.191 | §<br>§<br>§ | CIVIL NO. 4:22-CV-891-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.185.236.69 | §<br>§<br>§ | CIVIL NO. 4:22-CV-950-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 104.187.79.193 | §<br>§<br>§ | CIVIL NO. 4:22-CV-951-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 35.146.251.7 | §<br>§<br>§ | CIVIL NO. 4:23-CV-50-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS | §<br>§ | CIVIL NO. 4:23-CV-51-ALM |

| | | |
|---|---|---|
| 47.185.213.202 | § | |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 104.7.155.163 | § § § | CIVIL NO. 4:23-CV-106-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 76.183.183.152 | § § § | CIVIL NO. 4:23-CV-270-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 72.191.15.152 | § § § | CIVIL NO. 4:23-CV-273-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 72.180.24.205 | § § § | CIVIL NO. 4:23-CV-275-ALM |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motions for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, as set forth below. Having considered the motions and the relevant pleadings, the Court finds that the motions should be **GRANTED.**

**BACKGROUND**

Plaintiff Strike 3 Holdings LLC ("Strike 3") owns the copyright for a number of adult films that it distributes via its streaming websites and DVDs. In each of the consolidated cases, Strike 3 alleges that the John Doe Defendants ("John Does") used a BitTorrent protocol to steal Strike 3's work on a "grand scale."[1] Using the protocol, the John Does downloaded Strike 3's films and redistributed those films to others without Strike 3's permission, thereby infringing Strike 3's copyrights. Strike 3 discovered that the various John Does infringed their copyrights by utilizing an infringement detection system, which identified the John Does by their IP addresses. Now,

---

[1] BitTorrent refers to "[a] proprietary name for: a peer-to-peer file transfer protocol for sharing large amounts of data over the Internet, in which each part of a file downloaded by a user is transferred to other users in turn" or "a software client which transfers files using this protocol." OXFORD ENG. DICTIONARY (3d ed. 2012).

Strike 3 wishes to uncover the identities of the John Does so that they may be served with process in these actions. To do so, Strike 3 asserts that it must be permitted to issue non-party subpoenas to the John Does' internet service providers (individually, "ISP," and collectively, "ISPs") requesting the John Does' identifying information. Therefore, Strike 3 filed individual motions to serve third-party subpoenas on the various John Does' ISPs in each of the consolidated cases.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the parties have a conference except in proceedings exempted by Rule 26(a)(1)(B) or when authorized by the Federal Rules, by stipulation, or by court order. FED. R. CIV. P. 26(d)(1). Although the Federal Rules do not provide an exact standard for a court's granting such authorization, several other federal courts within the Fifth Circuit, including the Eastern District of Texas, have used a "good cause" standard to determine whether a party is entitled to early discovery. *See, e.g.*, *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127086, at *1 (E.D. Tex. Feb. 13, 2018); *Combat Zone Corp. v. Does 1–2*, No. 2:12-CV-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012); *Ensor v. Does 1–15*, No. A-19-CV-00625, 2019 WL 4648486, at *1 (W.D. Tex. Sept. 23, 2019); *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016); *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011).

To analyze the existence of good cause, "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Huawei*, 2018 WL 10127086, at *1 (quoting *St. Louis Group*, 275 F.R.D. at 239). In a good-cause analysis, the court weighs five factors: (1) whether the plaintiff has made a *prima*

---

[2] Strike 3 alleges that the ISPs for the relevant John Does are Spectrum, Frontier Communications, and AT&T U-Verse.

*facie* case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Combat Zone*, 2012 WL 6684711, at *1 (citing *Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm*, No. 4:12-CV-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012)).

Specifically, when "a party seeks a subpoena for identifying information of anonymous Internet users . . . 'the court must also balance the need for disclosure against the defendant's expectation of privacy.'" *Ensor*, 2019 WL 4648486, at *2 (quoting *Malibu Media, LLC v. Doe*, SA-19-CV-00601, 2019 WL 3884159, at *1 (W.D. Tex. Aug. 16, 2019)). The court, when determining whether to authorize early discovery, enjoys "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Arista Records LLC v. Does 1–19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).

## ANALYSIS

The Court concludes that Strike 3 has demonstrated good cause and thus is entitled to limited early discovery for the purpose of identifying the unknown defendants. Furthermore, the Court finds that Strike 3's subpoenas adequately balance the need for disclosure with the John Does' expectations of privacy.

**I.    Strike 3 Demonstrates Good Cause for Early Discovery**

Strike 3 must show good cause to be entitled to early discovery, which requires the Court to balance five factors: (1) whether the plaintiff has made a *prima facie* case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to

4

advance the claim; and (5) the user's expectation of privacy. *Combat Zone*, 2012 WL 6684711, at *1. All five factors weigh in favor of granting Strike 3 early discovery.

### A. Strike 3 Has Made a *Prima Facie* Case of Actionable Harm.

The Copyright Act gives a copyright owner "the exclusive right to reproduce the copyrighted work and display it publicly." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 438 (5th Cir. 2017) (quoting 17 U.S.C. § 106(1), (5)) (cleaned up). "Anyone who violates any of the exclusive rights of the copyright owner as provided by section 106 is an infringer. *Id.* (quoting 17 U.S.C. § 501(a)) (cleaned up). Thus, generally, a plaintiff must prove two elements to establish copyright infringement: (1) the plaintiff's ownership of a valid copyright; and (2) the defendant's copying of constituent elements of the work that are original. *Id.* (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).

Strike 3 alleges that it is the owner of the copyright being infringed and that the John Does have reproduced or distributed the copyrighted work without Strike 3's authorization using internet accounts identifiable by IP addresses. In support of these allegations, Strike 3 has presented affidavit testimony setting forth that Strike 3 owns the copyright at issue and that copyrighted works were uploaded or downloaded via the alleged IP addresses. *See, e.g.*, (Case No. 4:22-cv-565, Dkt. #5, Exhibit 1). Thus, Strike 3 has established a *prima facie* copyright-infringement claim, and this factor weighs in favor of granting its motions for leave to serve third-party subpoenas. *See FUNimation Ent. v. Does, 1 – 1,427*, No. 2:11-CV-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012); *Combat Zone*, 2012 WL 6684711, at *2.

### B. Strike 3's Discovery Requests are Specific.

From the ISPs, Strike 3 seeks only the John Does' contact information—the legal names and physical addresses of each John Doe—so that Strike 3 can properly serve them. Strike 3's

5

"discovery request is sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *FUNimation*, 2012 WL 12897376, at *2. Thus, this factor also weighs in favor of granting Strike 3's motions. *See Combat Zone*, 2012 WL 6684711, at *2 (holding that, where the subpoena sought only the name, addresses, phone numbers, email addresses, and media access control addresses of the unidentified defendant, the discovery request was sufficiently "specific").

### C. Strike 3 Has No Alternative Means to Obtain the Subpoenaed Information and Strike 3 Has a Central Need for the Information.

Strike 3 has already taken considerable steps on its own to uncover the John Does' IP addresses, which Strike 3 was successful in obtaining. But Strike 3 has established that discovering the John Does' legal names and physical addresses is not feasible without non-party subpoenas to the ISPs. *See Combat Zone*, 2012 WL 6684711, at *2 (finding that "without this Order . . . there does not seem to be any way for [Plaintiff] to identify the Defendants and, thus, to properly serve them"). Without the John Does' names and addresses, Strike 3 will be unable to serve the John Does, making this information critical to the litigation. *FUNimation*, 2012 WL 12897376, at *2. Thus, the alternative-means and central-needs factors also weigh in favor of granting Strike 3's motion.

### D. Defendants' Privacy Interests will be Adequately Protected.

Finally, the Court considers the privacy interests at stake and the implications of these interests on Strike 3's requests for leave to issue subpoenas. Courts have held that "[i]nternet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers." *West Bay One, Inc. v. Does 1–1,653*, 270 F.R.D 13, 15 (D.D.C. 2010) (citing, among others, *Guest v. Leis,* 255 F.3d 325, 335–

36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties.")). Because the scope of Strike 3's requested subpoenas is specific to names and physical addresses, and because the Court simultaneously enters a protective order, John Does' privacy interests will be adequately protected. Therefore, the privacy-interests factor also favors granting Strike 3's motion as to the ISP subpoenas.

### E. Strike 3 Is Entitled to Early Discovery

Based on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances, and considering the good-cause factors above, the Court concludes that Strike 3 has shown good cause to support the granting of its motions. *Huawei*, 2018 WL 10127086, at *1 (quoting *St. Louis Group*, 275 F.R.D. at 239); *Combat Zone*, 2012 WL 6684711, at *1 (citing *Well Go USA*, 2012 WL 4387420, at *1).

## II. Strike 3's Subpoenas Are Sufficiently Tailored to Protect the John Doe Defendants' Privacy Interests

In balancing the need for disclosure of identifying information of anonymous internet users against the defendants' expectation of privacy, a subpoena must be specific and adequately protect the defendants' privacy interests. *Well Go USA*, 2012 WL 4387420, at *2. "Courts typically include a protective order to allow a defendant the opportunity to contest the subpoena, thereby protecting the user's expectation of privacy." *Ensor*, 2019 WL 464846, at *3 (citations omitted).

Strike 3's request that the ISP subpoenas seek only the names and physical addresses of the John Doe Defendants is sufficiently narrow and specific to adequately protect the John Does' privacy interests when combined with an appropriate protective order. *See Combat Zone Corp. v. Does 1–5*, No. 3:12-CV-4005, 2012 WL 5289736, at *1 (N.D. Tex. Oct. 26, 2012) (granting leave to subpoena the names, addresses, telephone numbers, email addresses, and media access control addresses of Doe defendants); *see also Ensor*, 2019 WL 4648486, at *4 (explaining that the

discovery sought from website operators was "narrowly tailored to the extent that it [sought] the anonymous Internet user's name, physical address, and IP address" but that the plaintiff's request for "any other information" relating to each anonymous user was not narrowly tailored and was acceptable "only to the extent it [sought] other contact information, i.e., the user's email address"). The Court interprets the scope of Strike 3's discovery requests as being limited to this specific contact information.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motions for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Case No. 4:22-cv-882, Dkt. #4); (Case No. 4:22-cv-885, Dkt. #4); (Case No. 4:22-cv-889, Dkt. #4); (Case No. 4:22-cv-890, Dkt. #4); (Case No. 4:22-cv-891, Dkt. #4); (Case No. 4:22-cv-950, Dkt. #4); (Case No. 4:22-cv-951, Dkt. #4); (Case No. 4:23-cv-50, Dkt. #4); (Case No. 4:23-cv-51, Dkt. #4); (Case No. 4:23-cv-106, Dkt. #4); (Case No. 4:23-cv-270, Dkt. #4); and (Case No. 4:23-cv-275, Dkt. #4) are hereby **GRANTED.**

The Court also enters the following Protective Order *sua sponte* to protect the respective interests of the parties and non-parties and to facilitate the progress of disclosure and discovery in this case. It is therefore **ORDERED** that:

Strike 3 may immediately serve Rule 45 subpoenas to AT&T U-Verse, Spectrum, and Frontier Communications, which will be limited to the name, IP address, and physical address of the relevant John Doe Defendants currently identifiable only by IP address. A copy of this Order must be attached to each subpoena.

Each ISP will have twenty (20) days from the date of service of the Rule 45 subpoena to serve the identified John Does with copies of the subpoena and this Order. Each ISP may serve the

John Does using reasonable means, including by email or written notice sent to the John Does' last known addresses.

The John Does will each have thirty (30) days from the date of service of the Rule 45 subpoena and this Order to file any motions with the Court contesting the subpoena as well as any request to litigate this subpoena anonymously. No ISP may turn over a John Doe's identifying information before such thirty-day period has lapsed. Further, if a John Doe or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Strike 3 until the Court rules on that motion. A John Doe or ISP who moves to quash or modify, or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to release any of the other John Does' identifying information until the Court rules on that motion.

If the thirty-day period expires without any motion contesting the subpoena, the ISPs will have ten (10) days thereafter to produce the subpoenaed information to Strike 3.

Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

Any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 only for the purpose of protecting its rights as asserted in its Complaint. The information disclosed may only be used by Strike 3 in this litigation and may not be disclosed other than to counsel for the parties.

**IT IS SO ORDERED.**
**SIGNED this 12th day of June, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE